IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
                                                       :

AMICA MUTUAL INS. CO.        :        3:13 CV 837 (JBA)
                                                       :

V.                                                     :
                                                       :

MICHELLE LEVINE             :        DATE: FEBRUARY 12, 2015
                                                       :
---------------------------------------------------------X

## RULING ON DEFENDANT'S MOTION TO COMPEL

On June 12, 2013, plaintiff filed this declaratory judgment lawsuit against defendant (Dkt. #1), for which defendant filed her answer, affirmative defenses, and counterclaim on March 14, 2014. (Dkt. #23). On October 22, 2014, U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for discovery purposes. (Dkt. #36). Under the Scheduling Order, filed November 13, 2014 (Dkt. #40), all discovery is to be completed by March 31, 2015,[1] and after a pre-filing conference has been held before Judge Arterton, all dispositive motions are to be filed by April 30, 2015.

On December 15, 2014, defendant filed the pending Motion to Compel, with brief, affidavit and multiple exhibits in support (Dkts. ##41-43), as to which plaintiff filed its brief in opposition on January 12, 2105. (Dkt. #44).[2] For the reasons stated below, defendant's Motion to Compel (Dkt. #41) is <u>granted in part and denied in part</u>.

Of the forty-four discovery requests propounded upon plaintiff (twenty-two interrogatories and twenty-two requests for production), thirty-four are at issue in this

---

[1]<u>See</u> note 9 <u>infra</u>.

[2]These are issues that counsel <u>should</u> have been able to resolve between themselves, without burdening the Court.

motion.  (Dkt. #41, at 6-9; Dkt. #41, Brief at 6; Dkt. #42, Exhs. 2-9).[3]

   A.  INDIVIDUAL REQUESTS

Interrogatory No. 1 – defendant's motion is granted in part to the extent that plaintiff must identify any additional employees, other than the Senior Claims Supervisor who signed the verification, who provided substantial assistance in preparing plaintiff's answers.  (See Dkt. #41, Brief at 18-19; Dkt. #44, at 2).

Interrogatory No. 5 – defendant's motion is denied as moot, in that plaintiff has provided supplemental responses.  (See Dkt. #41, Brief at 19-21; Dkt. #44, at 2-3; see also Dkt. #41, Brief at 6-8).

Interrogatory No. 7(a) – defendant's motion is granted in part to the extent that plaintiff must identify the names and business addresses of each employee who was substantially involved in the decision to request defendant undergo an IME, if not already known from the various letters sent in 2012 and 2013.  (See Dkt. #41, Brief at 21-22; Dkt. #44, at 3-4).

Interrogatories No. 8 & 20 – defendant's motion is granted in part to the extent that plaintiff must provide some narrative in response to these discovery requests, beyond merely making reference to documents already provided to defendant.  (See Dkt. #41, Brief at 22-24; Dkt. #44, at 5-6).

Interrogatories Nos. 10-11 – defendant's motion is denied, in that plaintiff's responses are sufficient.  (See Dkt. #41, Brief at 24-25; Dkt. #44, at 6-8).

Interrogatories Nos. 12, 13 & 18 and Requests for Production Nos. 8, 10 & 12 – defendant's motion is granted in part as follows: With respect to Interrogatories Nos. 12 &

---

[3]This ruling will address the discovery responses in an order which differs from that of counsel.

18, plaintiff initially must respond whether it has suspended an insured's Medical Payment Coverage benefits under an automobile insurance policy containing the same Medical Payment Coverage provision language as in defendant's policy, or whether it has voided such a policy, within the past five years, and if so, the number of times it has done so. If plaintiff answers in the affirmative, then defendant may renew her motion with respect to these two discovery requests.

With respect to Interrogatory No. 13 & Request for Production No. 12, plaintiff shall identify by docket number, case name, and jurisdiction, each declaratory judgment action that it has filed within the past five years in which it sought judicial guidance concerning its rights and obligations under the Medical Payment Coverage provision of an insured's automobile insurance policy which contained the same Med Pay language as defendant's policy, if such lawsuit was not sealed, and shall provide copies of the complaints only if they cannot be obtained by defense counsel.[4]

With respect to Requests for Production Nos. 8 & 10, plaintiff initially must respond whether there have been any such state administrative or other government review of plaintiff's policy language at issue here and if so, the number of such reviews, the agencies involved, and whether or not these reviews are a matter of public record. If plaintiff responds in the affirmative, then defendant may renew her motion with respect to these two discovery requests. (See Dkt. #41, Brief at 31-35; Dkt. #44, at 12-16).

Interrogatory No. 15 – defendant's motion is granted in part to the extent that plaintiff must identify the name, title, and business address of each employee who was substantially involved in adjusting defendant's Med Pay claim, and identification of related

---

[4]If the court file was not sealed, there cannot be a claim for confidentiality under CONN. GEN. STAT. § 38a-975.  See note 5 infra.

documents, if not already provided to defendant.  (See Dkt. #41, Brief at 25-26; Dkt. #44, at 8-9).

Interrogatory No. 19 – defendant's motion is granted, as plaintiff's objections are not well taken.  (See Dkt. #41, Brief at 6-8).[5]

Request for Production No. 1 – defendant's motion is granted in part to the extent that in its answers to defendant's discovery responses, plaintiff has identified a specific document as being responsive.  (See Dkt. #41, Brief at 26-27; Dkt. #44, at 9-10).

Request for Production No. 4 – defendant's motion is granted in part to the extent that plaintiff shall provide documents it has exchanged with medical providers who are not expert witnesses.  (See Dkt. #41, Brief at 27-28; Dkt. #44, at 9-11).

Request for Production No. 5 – defendant's motion is denied in that plaintiff has provided all documentation in its possession responsive to this request.  (See Dkt. #41, Brief at 28-29; Dkt. #44, at 11).

Request for Production No. 6 – defendant's motion is granted to the extent that plaintiff shall forward to this Magistrate Judge's Chambers for her in camera review a copy of the adjuster's claims file, in which the portions to which it asserts the attorney-client privilege are highlighted or otherwise noted.  (See Dkt. #41, Brief at 10-12).[6]  In addition, plaintiff shall provide an appropriate privilege log.

Requests for Production Nos. 7, 14 & 18 – defendant's motion is granted in part to the extent that plaintiff shall provide copies of relevant portions of training manuals, educational materials, and written instructions used in connection with the processing of

---

[5]Plaintiff did not address this discovery request in its brief.

[6]Plaintiff did not address this discovery request in its brief.

defendant's Med Pay claim to this Magistrate Judge's Chambers for her in camera review. (See Dkt. #41, Brief at 12-14, 36-39; Dkt. #44, at 18-20).

Requests for Production Nos. 9 & 19 – defendant's motion is denied in that the advertising brochures or materials sent to other residential insured since 2007 sought in No. 9 are irrelevant, and plaintiff has responded to No. 19.  (See Dkt. #41, Brief at 35-36; Dkt. #44, at 16-17).

Request for Production No. 11 – defendant's motion is granted in part to the extent that plaintiff shall forward to this Magistrate Judge's Chambers for her in camera review the personnel files of plaintiff's employees who were substantially involved in the evaluation of defendant's Med Pay claim.  (See Dkt. #41, Brief at 39-42; Dkt. #44, at 20-22).[7]

Request for Production No. 17 – defendant's motion is granted in part as follows: as an initial matter, plaintiff first shall identify whether any of its employees have given testimony under oath, whether at trial or in a deposition regarding plaintiff's handling of Medical Payments from 2009 to the present; for testimony at trial, unless the matter has been sealed, plaintiff initially shall provide the names of the insured, the docket number, and the court in which the lawsuit proceeded;[8] for testimony at trial for which the matter has been sealed or for depositions in cases which did not go to trial, plaintiff shall provide only the court in which the lawsuit was filed and the year it was filed.  After receiving this information from plaintiff, if appropriate, defendant may renew her Motion to Compel with respect to Request for Production No. 17.  (See Dkt. #41, Brief at 29-31; Dkt. #44, at 11-12).

---

[7] It is unlikely that any of these materials will be relevant to defendant's claims here.

[8] If a trial was held in open court and the case was not sealed, there cannot be a claim for confidentiality under CONN. GEN. STAT. § 38a-975.

Request for Production No. 22 – defendant's motion is <u>denied</u> insofar as plaintiff has complied with this request.  (<u>See</u> Dkt. #41, Brief at 42-43; Dkt. #44, at 23).

Plaintiff shall provide its supplemental responses ordered above **on or before March 16, 2015**.[9]

### B.  GENERIC OBJECTIONS

<u>Interrogatories Nos. 4, 6, 9 & 22 & Requests for Production Nos. 2-3, 13, 16, 20-22</u>[10] – defendant's motion is <u>granted in part with respect to Interrogatories Nos. 4, 6(c) & (d) & 22 & Requests for Production Nos. 3, 13, 16 & 20-22</u> to the extent that plaintiff must provide <u>some</u> narrative in response to these discovery requests, beyond merely making reference to documents already provided to defendant, but is <u>denied with respect to Interrogatory No. 9 & Request for Production No. 2</u>.  (<u>See</u> Dkt. #41, Brief at 14-17).[11]

Plaintiff shall provide its supplemental responses ordered above **on or before March 16, 2015**.[12]

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule

---

[9] In that the discovery deadline presently is set at March 31, 2015, counsel shall confer with one another in order to suggest an appropriate extension of this date.

[10] Plaintiff's objections to Interrogatories Nos. 5, 8 & 11 and Request for Production No. 19 have been addressed <u>supra</u>.

[11] Plaintiff did not address these discovery requests in its brief.

[12] <u>See</u> note 9 <u>supra</u>.

72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).[13]

Dated at New Haven, Connecticut, this 12th day of February, 2015.


      /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[13] If any counsel believes that a settlement conference before this Magistrate Judge would be productive, he or she should contact this Magistrate Judge's Chambers accordingly.