UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMICA MUTUAL INS. CO.,<br>    *Plaintiff*,<br>    *v*.<br>MICHELLE LEVINE,<br>    *Defendant*. | Civil No. 3:13cv837 (JBA)<br><br>September 28, 2015 |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

This is an action by Plaintiff Amica Mutual Insurance Company ("Amica") against Defendant Michelle Levine seeking a declaratory judgment that Amica is not obligated to make payments to Ms. Levine under the medical benefits provision of her automobile insurance policy issued by Amica. Defendant moves [Doc. # 50] to dismiss the case on the grounds that "Amica cannot satisfy the threshold amount in controversy requirement in diversity actions under 28 U.S.C. § 1332 because it is legally certain that the amount in controversy exclusive of costs and interest did not exceed $75,000 on the date of the filing of the complaint." (Mot. to Dismiss ¶ 2.) For the following reasons, Defendant's motion is granted.

**I.     Background**

This case arises out of an automobile accident on December 6, 2010 involving Defendant. Following the accident, Defendant sought coverage of her medical expenses pursuant to the "Medical Payments Coverage" clause of her insurance policy with Amica, which has a policy limit of $100,000. (Answer & Counterclaim [Doc. # 23] at 15.) Amica refused to cover all of Defendant's claimed costs. (*Id*. at 14.) Amica now claims that its refusal was based on Ms. Levine's refusal to submit to an independent medical exam. Ms. Levine avers that "[b]etween December 6, 2010 up to June 13, 2013, the date of the Filing of Amica's complaint, the medical bills which [she] . . . incurred total[ed] approximately $56,751.05." (Levine Aff., Ex. A to Mem. Supp. Mot. to Dismiss ¶ 14.) On March 14, 2014, Ms. Levine filed a counterclaim against Amica, alleging violations

of the implied covenant of good faith and fair dealing, CUIPA/CUTPA, anticipatory breach of contract, breach of contract, and breach of fiduciary duty, and seeking declaratory relief and monetary damages. (*See generally* Answer & Counterclaim.)

Amica separately sued Ms. Levine's mother, Susan Levine for a declaratory judgment that that she was not entitled to payments under the Medical Payments Coverage clause of her policy, for injuries sustained in a different car accident. *See Amica Mut. Ins. Co. v. Levine*, 7 F. Supp. 3d 182 (D. Conn. 2014). On March 21, 2014, Judge Bryant granted Susan Levine's motion to dismiss, on the grounds that the claimed damages did not exceed $75,000 and therefore the Court lacked subject matter jurisdiction. *Id.* at 189–90. The court rejected Plaintiff's argument that the Defendant had repudiated the contract entirely by refusing to submit to an independent medical examination and thus the amount in controversy should be measured by the policy limit, not the value of the underlying claim. *Id.* Judge Bryant reasoned:

> The Defendant selected, as part of her automobile policy, to include a med pay provision . . . The Plaintiff's argument would have this Court hold that the entire Policy is invalid because the Defendant refused to submit to an independent medical examination related to a claim for specific benefits arising only under the med pay provision. . . . [T]his provision is incredibly broad, and this Court can find no authority to support the principle that refusal to submit to a medical examination under an insurance policy constitutes a breach of the agreement, relieving the insurer from all of its obligations under the policy as distinguished from its obligation to pay medical expenses for the diagnosis and treatment as to which the insured refused to submit to an examination.

*Id.*

Although Defendant acknowledges that "[t]he declaratory judgment Complaint [here] essentially mirrored the instant one, seeking the same relief under the same policy" (Mem. Supp. Mot. to Dismiss at 4), she did not seek dismissal of this case until July 30, 2015. Amica asserts that the day after it received Defendant's motion to dismiss, it requested a stipulation of dismissal indicating that the amount in controversy was $56,751.05, to which Defendant never responded. (Opp'n Mot. to Dismiss at 4.)

I.   **Discussion**[1]

Under 28 U.S.C. § 1332(a), federal district courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation marks omitted). However, there is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* (internal quotation marks omitted). "To overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Id.*

Ms. Levine spends the majority of her brief rehashing the arguments made in *Amica v. Levine*, 7 F. Supp. 3d 182 (D. Conn. 2014), and urging the Court to adopt Judge Bryant's conclusion that the amount in controversy is determined by the amount of damages sustained as of the date of the complaint, and not by the policy limit. Amica, however, does dispute this legal premise, and the Court agrees with Judge Bryant that because Amica does not contest the validity of the insurance policy, "'the jurisdictional amount in controversy is measured by the value of the underlying claims—not the face amount of the policy.'" *Id.* at 187 (quoting H*artford Ins. Group v. Lou-Con, Inc.*, 293

---

[1] "[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008)).  "When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). In response to a motion to dismiss pursuant to Rule 12(b)(1), "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

F.3d 908, 911 (5th Cir. 2002)). Since the court measures "the amount in controversy as of the date of the complaint," *Scherer*, 347 F.3d at 397, and as of the date of the complaint, Ms. Levine had amassed $56,751.05 in medical bills, the amount in controversy here does not exceed $75,000.

Amica argues that "the defendant's refusal to stipulate to a dismissal, her voluminous pleading in response to the complaint and assertion of counterclaims−which also cite to the $100,000 policy limits as the amount in controversy, her refusal to provide the billing records which are the evidentiary support of the defendant's motion to the plaintiff and inordinate delay in filing the instant motion to dismiss in light of the pleadings and decision in *Amica v. Susan Levine*, at a minimum, weigh against any good faith contention that she may have that the amount in controversy in this matter is less than $75,000." (Opp'n at 8.)

This argument is, frankly, hard to follow. As the plaintiff, it is *Amica* that must make a good faith representation that the amount in controversy exceeds $75,000, not Ms. Levine. "To overcome the face-of-the-complaint presumption," Ms. Levine was required to, and has, "show[n] to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." Scherer, 347 F.3d at 397. Plaintiff does not cite any authority for the proposition that a Court may ignore evidence that a claim fails to meet the amount in controversy requirement as a sanction for a Defendant's alleged bad faith.

**II.    Conclusion**

For the foregoing reasons, Defendant's Motion [Doc. # 50] to Dismiss is GRANTED. The Clerk is requested to close this case.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 28th day of September 2015.